UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCO A LOPEZ, SR,

        Plaintiff,

v.                                                                                                                                  Case No. 24-cv-1164-bhl

WARDEN BRIAN CAHAK,

        Defendant.

## SCREENING ORDER

On September 12, 2024, Petitioner Marco A. Lopez, Sr., a state prisoner incarcerated at Oskhosh Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. On September 18, 2024, Lopez paid the filing fee. On October 11, 2024, the Court screened the petition and, pursuant to Rule 2 of the Rules Governing Section 2254 Cases, ordered Lopez to file an amended petition that specified the grounds for relief he wishes to assert and the facts supporting each ground. (ECF No. 5.) On October 30, 2024, Lopez filed an amended petition asserting seven grounds for relief. (ECF No. 6.) He also attached more than 300 pages of state court documents and a short brief in support of his petition. (ECF Nos. 6-1 & 7.) The Court will now screen Lopez's amended petition.

### SCREENING THE PETITION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to screen Lopez's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

## BACKGROUND

On April 27, 2016, a Milwaukee County jury (Case No. 2015CF1797) convicted Lopez on four counts of first-degree sexual assault of a child. (ECF No. 6-1 at 281.) On June 29, 2016, he was sentenced to a total of 48 years in state prison. (*Id.*) Lopez appealed his conviction, arguing that the trial court erroneously exercised its discretion when it permitted the State to present other acts evidence from two witnesses. (ECF No. 6 at 3; ECF No. 6-1 at 304.) On February 12, 2019, the Wisconsin Court of Appeals affirmed his conviction and denied his appeal. (ECF No. 6 at 3; ECF No. 6-1 at 304–07.) Lopez petition the Wisconsin Supreme Court for review, but it denied his request on June 11, 2019. (ECF No. 6 at 3.) He did not file a petition for certiorari in the United States Supreme Court. (*Id.* at 4.)

On April 17, 2023, Lopez filed *Knight* petition[1] in the Wisconsin Court of Appeals, challenging the effectiveness of his appellate counsel during his direct appeal. (*Id.*; ECF No. 6-1 at 275.) On August 24, 2023, the appellate court denied his petition without reaching the merits because it determined that his asserted grounds were for ineffective assistance of *postconviction* counsel, rather than *appellate* counsel, and thus, under Wisconsin procedure, Lopez needed to file a petition in the circuit court, not the court of appeals. (ECF No. 6-1 at 275–77.) Lopez moved for reconsideration but was denied. (*Id.* at 274.) He petitioned the Wisconsin Supreme Court for review, but it denied his request on February 22, 2024. (*Id.* at 280.)

## ANALYSIS

Lopez asserts seven grounds for relief, but the specifics of those grounds are hard to discern. (*See* ECF No. 6 at 7–8.) He asserts generally that he was denied effective assistance of both trial and appellate counsel and that he was denied his rights to substantive and/or procedural due process, equal protection, and confrontation. (*Id.* at 7.) He also alleges a "failure to apply the [*Cronic*][2] standard and a "failure to file [a] direct appeal" challenging the effectiveness of his trial counsel, but does not make clear which of his attorneys he believes failed with respect to the various failures he identifies. (*See id.* at 7–8.) The Court need not attempt to sift through his allegations, however, because Lopez's petition is untimely in any event.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for federal habeas corpus actions. 28 U.S.C. § 2244(d)(1). This one-year

---

[1] *State v. Knight*, 484 N.W.2d 540 (Wis. 1992).
[2] *See United States v. Cronic*, 466 U.S. 648 (1984).

limitation period applies to any habeas petition that is filed under 28 U.S.C. § 2254 after the effective date of AEDPA, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 322–27 (1997). The limitations period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Nothing in Lopez's petition or supporting documentation suggests that subsections (B), (C), or (D) of the statute are relevant to his claims. All of his grounds for relief, uncertain though they may be, relate to events that occurred at his trial or during his direct appeal. And he has provided no indication that State action has prevented him from timely filing a habeas petition, or that he is asserting a newly recognized constitutional right. Accordingly, subsection (A) governs the limitations period applicable to Lopez's claims.

Under this provision, Lopez was required to file his federal habeas petition within one year of the date on which his judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Because Lopez did not file a petition for certiorari in the United States Supreme Court, his limitations period began to run when his direct criminal appeals in the state system were concluded, plus the expiration of the time he was allotted (90 days) for filing a petition for the writ. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Lopez's direct appeal ended when the Wisconsin Supreme Court denied his petition for review on June 11, 2019. Because he did not petition the United States Supreme Court for certiorari, his one-year statute of limitations began to run 90 days later, on September 9, 2019, and it expired on September 9, 2020. Lopez did not file his federal habeas petition until September 12, 2024, a full four years after the statute of limitations expired. Unless the limitations period was tolled, Lopez's petition is untimely.

The one-year limitation period is tolled for that period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. § 2244(d)(2). But a postconviction motion only tolls, and does not restart, the one-year limitation period. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Thus, Lopez's *Knight* petition, even if properly filed, would not render his federal habeas petition timely. It is possible (albeit unlikely), however, that Lopez can show that that he is entitled to equitable tolling or that the limitation period for his claims began running at a date other than when his criminal judgment became final under Section 2244(d)(1)(B), (C) or (D). As for the former, equitable tolling is an "exceptional remedy" that is only available to a habeas petitioner who "shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Given the possibility that Lopez might establish facts rendering his petition timely, the Court will allow Lopez thirty days to explain why his claims are not barred by AEDPA's one-year statute of limitations. If Lopez fails to establish that his petition is timely under 28 U.S.C. § 2244(d)(1)(B)–(D) or that he is entitled to equitable tolling sufficient to forgive his untimeliness by that date, his petition will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **December 2, 2024**, Lopez must show cause, if any, why is petition should not be dismissed as untimely. If Lopez fails to do so, his petition will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin on October 31, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge