UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCO A LOPEZ, SR,

          Plaintiff,

v.                                                 Case No. 24-cv-1164-bhl

WARDEN BRIAN CAHAK,

          Defendant.

## ORDER DENYING HABEAS PETITION

On September 12, 2024, Petitioner Marco A. Lopez, Sr., a state prisoner incarcerated at Oshkosh Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254. On September 18, 2024, Lopez paid the filing fee. On October 11, 2024, the Court screened the petition and, pursuant to Rule 2 of the Rules Governing Section 2254 Cases, ordered Lopez to file an amended petition that specified the grounds for relief he wished to assert and the facts supporting each ground. (ECF No. 5.) On October 30, 2024, Lopez filed an amended petition asserting seven grounds for relief. (ECF No. 6.) On November 1, 2024, the Court screened the amended petition and concluded that it appeared to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'s one-year statute of limitations. (ECF No. 8.) The Court allowed Lopez 30 days to show cause why his petition should not be dismissed as untimely. (*Id.* at 4.)

Lopez responded on December 2, 2024 with a short brief and accompanying affidavit. (ECF Nos. 9 & 10.) Lopez invokes the doctrine of equitable tolling and contends the untimeliness of his petition should be excused because he was abandoned by appellate counsel and because he has a learning disability. (ECF No. 9 at 2–3.) Lopez also argues that the Court should construe his petition liberally because he is *pro se* and raises substantive points concerning the merits of his petition. (*See id.* at 1–2.) Because Lopez has not suggested any basis to believe that his petition is timely and has not established a factual basis for equitable tolling, his petition will be dismissed.

As the Court explained in its November 1 screening order, equitable tolling is an "exceptional remedy" that is only available to a habeas petitioner who "shows: '(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "A petitioner bears the burden of establishing both elements . . . ; failure to show either element will disqualify him from eligibility for tolling." *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018).

Lopez argues that his habeas deadline should be equitably tolled because he was abandoned by counsel after the Wisconsin Supreme Court denied his petition for review. (ECF No. 9 at 2.) He also complains counsel failed to inform him of AEDPA's one-year filing deadline. (*Id.*) He claims he then had to enlist the aid of another inmate to file a complaint against counsel in order to obtain a paper copy of his appellate file, because counsel initially sent the file to him on a compact disc that he was unable to access. (*Id.*) Lopez eventually received a paper copy of his file but had to wait another "approximately 3 years" before finding another inmate to help him file a *Knight*[1] petition in the state court challenging the effectiveness of his appellate counsel. (*Id.*) Lopez claims he needed the assistance of another inmate because he has a learning disability and cannot read or write. (*Id.*) His requests to various prison officials for legal assistance were denied. (ECF No. 10 ¶8.)

Lopez's situation is unfortunate, but he has not established that he is entitled to equitable tolling. Even crediting his story, Lopez has not demonstrated that extraordinary circumstances prevented him from timely filing his habeas petition. Lopez's claim that he was abandoned by his appellate counsel fails because he was not in fact abandoned. Counsel's representation of Lopez ended when the Wisconsin Supreme Court denied his petition for review and Lopez had no right to counsel for subsequent habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991); *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). Accordingly, counsel had no duty to represent him or to advise him with respect to his habeas petitions in state or federal court. Any failure to provide Lopez with further legal advice at that point was not abandonment. *See Socha*, 763 F.3d at 685–86. Although Lopez may believe his appellate counsel was constitutionally ineffective in pursuing his state court appeal, that alleged ineffectiveness has no relevance to the untimeliness of Lopez's habeas petition.

Lopez comes closer to the mark with his assertion that counsel withheld Lopez's legal file. (ECF No. 9 at 2.) The Seventh Circuit has acknowledged that a lack of access to a petitioner's file

---

[1] *State v. Knight*, 484 N.W.2d 540 (Wis. 1992).

can support equitable tolling. *See Socha*, 763 F.3d at 684–85. But the record here precludes equitable tolling. Lopez does not specify when he received a paper copy of his file from counsel, but his submission confirms it was several years before he finally filed his petition. Lopez says he obtained help from another inmate in filing a *Knight* petition "approximately 3 years" after he received the file. (ECF No. 9 at 2.) He further indicates that he then filed his *Knight* petition on April 17, 2023. (ECF No. 10 ¶9.) Based on these admissions, Lopez must have received his file from counsel by at least April 2020. Even if the Court were to equitably toll Lopez's statute of limitations during the period he was waiting for delivery of his paper file, the deadline would have started again once he received the file and his deadline would have expired by April 2021. That is a full three before years he finally filed his federal habeas petition. Thus, equitable tolling on this ground does not help him.

        Lopez's final arguments for equitable tolling – his alleged learning disability and lack of legal assistance – do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the statute of limitations. The extraordinary circumstances element of the equitable tolling test "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." *Mayberry*, 904 F.3d at 530 (emphasis and alteration in original) (quoting *Menominee Indian Tribe v. United States*, 577 U.S. 250, 257 (2016)). Mental impairments may, in extreme circumstances, be sufficient to justify equitable tolling. *See Davis v. Humphreys*, 747 F.3d 497, 499–501 (7th Cir. 2014) (remanding to district court for an evidentiary hearing on whether the petitioner's mental disabilities justified equitable tolling). But conclusory allegations, such as Lopez's claim that "his language learning disability prevented him from timely filing," (ECF No. 9 at 2), are insufficient. In *Boulb v. United States*, the Seventh Circuit rejected a habeas petitioner's similar conclusory allegations that he was "intellectually disabled" and "functionally illiterate" as insufficient to warrant an evidentiary hearing on his request for equitable tolling. 818 F.3d 334, 340 (7th Cir. 2016). Lopez's assertions are no better here, and, moreover, are undercut by his admission that he is a high school graduate and a fluent speaker of both English and Spanish. (ECF No. 10 ¶12.) These concessions preclude any finding that his mental capacity was so extraordinarily limited "that he qualifies for the extraordinary remedy of equitable tolling." *See Mayberry*, 904 F.3d at 531. As for the lack of legal assistance, the Court has already explained that Lopez is not entitled to legal assistance in filing his federal habeas petition, whether from an attorney or otherwise, and thus lack of such assistance cannot

justify equitable tolling. *See Socha*, 763 F.3d at 685. Because Lopez has not established that he is entitled to equitable tolling, his habeas petition is untimely and must be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotations omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition as untimely under 28 U.S.C. §2244(d).

Accordingly,

**IT IS HEREBY ORDERED** that Marco A. Lopez's Petition for Writ of Habeas Corpus, under 28 U.S.C. §2254, ECF No. 1, is **DENIED** as untimely under 28 U.S.C. §2244(d), and the case is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Dated at Milwaukee, Wisconsin on January 7, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge